# Irwin *v.* Pittsburgh & Lake Erie Railroad Company, Appellant.

*Negligence—Railroads—Railroad crossings—"Stop, look and listen"—Contributory negligence—Case for jury.*

1. In an action of trespass to recover damages for the death of plaintiffs' father, it appeared that deceased and one Masso were driving a one-horse buggy across the tracks of defendant's railroad when it was struck by defendant's locomotive, causing the death of deceased and injuring Masso. There were tracks of two companies, parallel to each other, at that point. Masso testified

that they stopped when their horse's head was three or four feet from the first tracks; that he alighted from the buggy, went upon the tracks and looked for an approaching train; that he returned to the buggy and they drove across the first tracks; that they stopped again when the horse was three or four feet from defendant's tracks, that he again alighted and walked up to the tracks, looked for an engine and saw none; that they then drove upon the tracks and were struck by a passenger train negligently operated. There was no evidence to rebut the presumption that the deceased exercised the care required of him. *Held,* the case was for the jury and a verdict and judgment for plaintiff was sustained.

*Practice, Supreme Court—Defenses—Trespass—Misjoinder of parties—Objection—Appeal.*

2. On appeal from a judgment in an action of trespass, the objection that plaintiffs were improperly joined cannot be successfully raised in the Supreme Court, where no such objection was raised in the trial court.

Argued Oct. 14, 1913.   Appeal, No. 200, Oct. T., 1913, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1909, No. 42, on verdict for plaintiffs in case of William J. Irwin, Viola B. Comstock, John F. Irwin, Edna R. Morrison, and Jessie Irwin, Minnie R. Irwin by William J. Irwin, next friend, v. Pittsburgh and Lake Erie Railroad Company.   Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The facts appear by the opinion of the Supreme Court, and in Masso v. P. & L. E. R. R. Co., 243 Pa. 1.

Verdict for plaintiffs for $3,200 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were (3) portion of charge; (7, 8) the refusal of the court to direct a verdict for defendant, and (1) to enter judgment for defendant n. o. v.

*J. Norman Martin,* with him *Norman A. Martin,* for appellant.

*C. W. Fenton,* with him *W. N. Anderson* and *Rollin Haun,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

This is an action of trespass brought by the children of Matthew S. Irwin to recover damages for the death of their father which resulted from a collision with the defendant's passenger train at a grade crossing. Irwin, accompanied by one Mike Masso, was driving a one-horse sewing machine wagon which was struck by the defendant's locomotive causing the death of Irwin and serious injury to Masso. We file herewith an opinion in the Masso case in which the judgment in that case is affirmed. The testimony in the two cases is practically the same, and what was said in disposing of the Masso case applies here, as the assignments raise substantially the same questions in both cases. Mike Masso was the principal witness in both cases. The controlling question here, as in the Masso case, was whether the learned court should have given binding instructions for the defendant. We are not convinced that the court committed error in refusing such instructions.

The third assignment alleges error in that part of the charge wherein the court recites part of Masso's testimony in the present case. We cannot agree with appellant's counsel that the learned judge misstated the testimony. He did not attempt to state it in the language of the witness, but stated in his own language substantially what the witness said. The court was fully warranted in saying Masso testified that he and Irwin stopped twice before they attempted to cross defendant's tracks. He said that they first stopped when their horse's head was about three or four feet from the Baltimore and Ohio tracks, and he then alighted from the buggy and looked down the middle of the tracks for

an approaching engine or train. He returned to the buggy, Irwin drove across the tracks and stopped, and he alighted again. He says that the horse was then about three or four feet from the defendant's tracks, that he alighted "walked up past the three tracks" and looked for the engine in the middle of the track, that he looked "both sides" for a train and engine, looked and could see nothing. The deceased was in the same buggy and presumably he did his duty and, therefore, looked and listened at both times when they stopped, and continued to look and listen when they attempted to cross the defendant's tracks. There was no evidence to rebut the presumption that Irwin exercised the care required of him; on the contrary, Masso's testimony strengthened it.

The contention of the appellant that the plaintiffs were improperly joined cannot be supported, in view of the fact that no objection was made to the joinder in the court below. The objection is purely technical and if relied on by the appellant as a defense should have been set up in the trial court.

Judgment affirmed.